**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON TERRELL WARREN,<br><br>Plaintiff,<br>v.<br><br>ST. LOUIS CITY JAIL, et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:24-cv-00926-SEP |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], and Plaintiff's Motion to Appoint Counsel, Doc. [3]. For the reasons stated below, Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], is granted, and Plaintiff's Motion to Appoint Counsel, Doc. [3], is denied. Plaintiff shall pay an initial filing fee of $13.22 and file an amended complaint on a Court-provided form.

**INITIAL PARTIAL FILING FEE**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) "the average monthly deposits in the prisoner's account," or (2) "the average monthly balance in the prisoner's account for the prior six-month period." 28 U.S.C. § 1915(a)(2). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *See id*. The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*. Plaintiff has submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $66.13, and an average monthly balance of $2.70. Plaintiff has insufficient funds to pay the entire filing fee. Thus, the Court will assess an initial partial filing fee of $13.22, which is 20% of Plaintiff's average monthly deposit.

## THE COMPLAINT

Plaintiff is a pretrial detainee currently incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. Doc. [1] at 2. He filed the instant complaint pursuant to 42 U.S.C. § 1983 against the St. Louis City Justice Center and Unknown Goldberg, a Correctional Officer. *Id*. at 2-3. Plaintiff brings his allegations against Correctional Officer Goldberg in her individual and official capacities. *Id*. at 2.

A review of the complaint shows that Plaintiff is attempting to pursue a variety of claims relating to events that allegedly occurred at the City Justice Center between January of 2024 and the present. Plaintiff alleges: (1) a failure of individuals at the Justice Center to provide him with dental care, mental health assistance, and medical care; (2) unlawful conditions of confinement; (3) excessive force; (4) physical and emotional harassment; (5) violations of his access to courts; and (6) interference with his due process rights. *Id*. at 4-9. But Plaintiff fails to indicate which correctional officers and medical staff engaged in each purported violation of his constitutional rights. And Plaintiff has left the portion of his "Relief" section of his complaint blank. *Id*. at 11.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

The complaint suffers from several defects, which the Court will allow Plaintiff to address by amending his complaint.

First, Plaintiff has failed to bring his claims in this action against a suable defendant. Municipal departments like jails, sheriff's offices, and police departments are not legal entities that can be sued under 42 U.S.C. § 1983. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (cleaned up) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). And even if the Court construed Plaintiff's claims as claims against St. Louis City, Plaintiff has not properly alleged a claim for relief under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). For a *Monell* claim, Plaintiff must allege that his civil rights were violated as a result of an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *See Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018).

Second, Plaintiff asserts multiple unrelated claims against the defendants. A plaintiff may join in one action as many claims as he has against a single defendant. Fed. R. Civ. P. 18(a). When multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Rsch.*

*Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence, or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. Misjoinder of parties is not grounds for dismissing an action, but a court may drop parties or sever any claim against a party to remedy the misjoinder. *See* Fed. R. Civ. P. 21. Rather than drop parties or sever claims on its own, the Court will give Plaintiff the opportunity to file an amended complaint. This will allow Plaintiff to decide what claims to pursue in this lawsuit and to specify the capacity in which he wishes to sue each defendant.

Third, as noted above, Plaintiff has failed to link the alleged unconstitutional conduct in his complaint to a named defendant. Liability under § 1983 is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Accordingly, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). As currently pled, Plaintiff has not set forth a claim for civil liability under 42 U.S.C. § 1983 because he has not linked a particular defendant to unconstitutional conduct at the City Justice Center.

Fourth and finally, Plaintiff has not indicated the relief he seeks. In his amended complaint, he must fill out all sections of the complaint form.

**INSTRUCTIONS FOR AMENDING THE COMPLAINT**

An amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each of Plaintiff's allegations must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if this case proceeds to the next stage of litigation.

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, as explained above, if Plaintiff names more than one defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant so the defendant has notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has also filed a motion for appointment of counsel, which is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the

assistance of counsel.'" *Id*. (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips*, 437 F.3d at 794).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. There is no indication that Plaintiff is unable to present his claims, and neither the factual nor the legal issues in this case appear to be complex. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court will consider future motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $13.22 within twenty-one (21) days of the date of this Order. Remittance should be made payable to "Clerk, United States District Court," and should state: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must file an amended complaint on a Court-provided form in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

Dated this 31st day of October, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE